IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-02560-BNB

MICHAEL PAUL HELIN,

    Applicant,

v.

J. M. WILNER, Warden, FCI Florence,

    Respondent.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

FEB 1 1 2009

GREGORY C. LANGHAM
CLERK

ORDER OF DISMISSAL

Applicant Michael Paul Helin is a prisoner in the custody of the United States Bureau of Prisons (BOP) at the Federal Correctional Institution in Florence, Colorado. Mr. Helin initiated this action by filing a *pro se* Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241. On December 12, 2008, Magistrate Judge Boyd N. Boland ordered Respondent to file a Preliminary Response (Response) and address the affirmative defense of exhaustion of administrative remedies. Respondent filed a Response on December 30, 2008. Applicant did not reply to the Response.

The Court must construe the Application liberally because Mr. Helin is a *pro se* litigant. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Therefore, the Application is held to standards less stringent than those governing a formal pleading drafted by lawyers. *See id.* However, the Court should not act as a *pro se* litigant's advocate. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the Application will be denied.

Mr. Helin is challenging the BOP's determination that he is not eligible to receive a sentence reduction pursuant to 18 U.S.C. § 3621(e)(2)(B). Section 3621(e)(2)(B)

provides that the BOP may grant a sentence reduction of up to one year to inmates convicted of nonviolent offenses who successfully complete the Residential Drug and Alcohol Abuse Program (RDAP). Mr. Helin further asserts that the BOP's decision to categorically deny early release to statutorily eligible prisoners who complete the RDAP is invalid as arbitrary, capricious, an abuse of discretion, and otherwise not in accordance with the law under 5 U.S.C. § 706(2)(A) of the Administrative Procedure Act.

Mr. Helin contends that pursuant to **Arrington v. Daniels**, 516 F.3d 1106 (9th Cir. 2008), his two-point "weapons bump," recommended in his presentence report, would not preclude his eligibility for a sentence reduction authorized under § 3621(e)(2)(B). Applicant concludes that any further attempt to resolve the dispute administratively with Respondent would be an exercise in futility, because any administrative remedy would be decided under the BOP's RDAP 2000 Final Rule, and the Rule itself is invalid. He further contends that the requirement to exhaust his administrative remedies subjects him to irreversible harm.

Respondent argues that Applicant's claim of futility does not excuse a lack of exhaustion, and the action, therefore, should be dismissed for failure to exhaust. (Resp. at 9.) Respondent, relying on **Sparks v. Foster**, 241 Fed. App. 467, 474 (10th Cir. June 19, 2007) (unpublished), asserts that the U.S. Supreme Court recently found that futility does not excuse a lack of exhaustion, because Congress has not included such an exception to the exhaustion requirement of the administrative remedies available to Applicant. (Resp. at 7.) Respondent also argues that Applicant does not

know whether it is possible for him to obtain a reduction in his sentence unless he exhausts his legal argument through the administrative remedy process. (Resp. at 7.)

Exhaustion of administrative remedies is a prerequisite to federal habeas corpus relief pursuant to 28 U.S.C. § 2241. *See Williams v. O'Brien*, 792 F.2d 986, 987 (10th Cir. 1986). Mr. Helin is correct that the exhaustion requirement may be waived if exhaustion would be futile in this case. *See Fraley v. U.S. Bureau of Prisons*, 1 F.3d 924, 925 (9th Cir. 1993) (per curiam). The futility exception is quite narrow and has been applied by the Tenth Circuit only where a recent adverse determination disposing of the precise point is raised by an applicant. *See Goodwin v. Oklahoma*, 923 F.2d 156, 157-58 (10th Cir. 1991) (holding that exhaustion of state remedies is not necessary where the state's highest court has explicitly and recently addressed the precise issue advanced by a petitioner).

Mr. Helin fails to convince the Court that exhaustion of administrative remedies would be futile in this case. He relies on a finding in a case decided in the Ninth Circuit for his argument that an alleged two-point weapons bump, recommended in a presentence report, would not preclude an inmate's eligibility for a sentence reduction under 18 U.S.C. § 3621(e). Because there is not a recent adverse determination that disposes of the precise point that Mr. Helin is raising, an administrative remedy request would not be categorically denied by the BOP. He, therefore, has relief available to him through the BOP administrative remedy procedure.

Furthermore, Applicant's argument that exhaustion of his administrative remedies should be waived because he will suffer irreversible harm if he is not granted a sentence reduction lacks merit. The argument presumes that Applicant's legal

3

arguments are correct. Such a presumption fails to justify a waiver of the exhaustion requirements. Accordingly, it is

ORDERED that the Application is denied and the action is dismissed without prejudice for failure to exhaust administrative remedies.

DATED at Denver, Colorado, this 11 day of Feb., 2009.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 08-cv-02560-BNB

Michael Paul Helin
Reg No. 18115-047
FCI - Florence
PO Box 6000
Florence, CO 81226-6000

Lisa A. Christian
Assistant United State Attorney
United States Attorney's Office
**DELIVERED ELECTRONICALLY**

    I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on 2/11/09

GREGORY C. LANGHAM, CLERK

By: _____
      Deputy Clerk